IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CRIMINAL NO. JKB-20-0443 |
| TORICO REAVES, et al., | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

The Court held a motions hearing in this case on March 4, 2022 and took under advisement Torico Reaves' Motion to Suppress Tangible and Derivative Evidence Seized in Telephone Search Warrants. (ECF No. 93 (Motion); ECF No. 169 (Order).) The Court permitted the parties to file supplemental briefing with the Court. (ECF No. 169.) The Court will deny the Motion to Suppress.

Law enforcement seized Reaves' cellphones—a flip phone and an iPhone—on April 14, 2020 pursuant to an April 5, 2020 search warrant for, *inter alia*, Reaves' residence. (*See* ECF No. 170 at 1; ECF No. 93 at 1.) On May 7, 2020, another search warrant authorized law enforcement to search the contents of ten cellphones, including the two cellphones seized from Reaves' residence. (ECF No. 101-2.) That day, law enforcement retrieved the cellphones and secured them in a locker. (ECF No. 127-12 at 2.) On May 8, 2020, investigators attempted an extraction and successfully extracted data from seven of the cellphones, including Reaves' flip phone, but not on three cellphones, including Reaves' iPhone. (*Id.*; ECF No. 170 at 2.) The investigators sent the three unextracted cell phones to the Harford County Police Department that day for assistance. (ECF Nos. 127-12 at 2; ECF No. 170 at 2.) The extraction of Reaves' iPhone was

1

completed on June 11, 2020. (ECF No. 93 at 4; ECF No. 170 at 2.)

Reaves argues that evidence seized in connection with the search warrants should be suppressed in part because there was an unreasonable delay in executing the search warrant.[1] (ECF No. 93 at 3–4.) In particular, Reaves argues that the 57-day delay between the seizure of the iPhone and the execution of the search (i.e., April 14, 2020 seizure and June 11, 2020 extraction) was not reasonable. (*Id.* at 4; ECF No. 171.) Further, he argues that an unreasonable delay occurred when the search warrant—signed on May 7, 2020 with a command to execute it by May 20, 2020—was not executed until June 11, 2020 with respect to Reaves' iPhone. (ECF No. 93 at 4.) The Government argues that the phones themselves have independent evidentiary value (notwithstanding their contents) and that the alleged delay was a lawful extended seizure. (ECF No. 170 at 2–3.)

The Court is not convinced that the cellphones themselves have independent evidentiary value, at least not to the point that it is ready to authorize the Government's actions on that basis. In *United States v. Burris*, 22 F.4th 781, 785 (8th Cir. 2022), the Eighth Circuit found that "the seven cell phones seized from Burris had evidentiary value independent of their contents." This was so because "[t]he government seized a gun, cash, and other evidence that Burris was involved in drug trafficking. That Burris possessed seven cell phones is further evidence that he was involved in the drug trade, as traffickers often use multiple phones to avoid detection and to compartmentalize different points of contact in the drug dealing business." *Id.* Here, although law enforcement seized ten cellphones, only two of them belonged to Reaves. This case therefore appears to be more analogous to *United States v. Pratt*, 915 F.3d 266 (4th Cir. 2019). There, the

---

[1] Reaves also argues that the evidence should be suppressed because the warrant was not supported by probable cause. For the reasons stated in open court during the March 4, 20222 motions hearing, the evidence will not be suppressed on this basis.

2

Fourth Circuit "decline[d] to affirm [the district court's denial of a motion to suppress] on the government's alternative argument that it could retain the phone indefinitely because it had independent evidentiary value, like a murder weapon." *Id.* at 273. In that case, where law enforcement had seized a single cellphone in connection with a child pornography investigation, the Fourth Circuit explained that "[o]nly the phone's files had evidentiary value" and that "the phone itself is evidence of nothing." *Id.* Thus, although this Court does not foreclose the possibility that the cellphones may have independent evidentiary value, the Court will not deny the Motion to Suppress on this basis.

However, the Court finds that the extended seizure was reasonable and will therefore deny the Motion to Suppress. "The constitutional question is whether the extended seizure of [Reaves'] phone was reasonable. A seizure that is 'lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests.'" *Pratt*, 915 F.3d at 271 (citing *United States v. Jacobsen*, 466 U.S. 109, 124 (1984)). In determining whether "an extended seizure violates the Fourth Amendment, we balance the government's interest in the seizure against the individual's possessory interest in the object seized." *Pratt*, 915 F.3d at 271.

While the Court is mindful that an individual has a significant possessory interest in his cellphone and that the delay was relatively lengthy, here, law enforcement initially seized the cell phones pursuant to the April 5, 2020 warrant and the Government diligently worked toward obtaining the May 7, 2020 warrant during the start of the COVID-19 pandemic. *See United States v. Burgard*, 675 F.3d 1029, 1033 (7th Cir. 2012) ("When police act with diligence, courts can have greater confidence that the police interest is legitimate and that the intrusion is no greater than reasonably necessary.") The Government has provided the following timeline of events: beginning

3

on or around April 8, 2020, "as a result of operational restrictions related to the COVID-19 pandemic, the U.S. Attorney's Office . . . required multiple levels of internal review before submitting any legal process for judicial review and authorization"; on Tuesday, April 14, 2020, the phones and other items were seized and a full inventory was completed about two days later; on Tuesday, April 21, 2020, Special Agent Poole submitted a draft affidavit to counsel, who communicated regarding edits over the next several days; on May 3, 2020 and May 4, 2020, the drafting Assistant United States Attorney submitted the warrant for two levels of review; on May 5, 2020, counsel submitted the warrant to the Court; and on May 7, 2020, the warrant was authorized. (ECF No. 170 at 4–5.) This case is therefore unlike *Pratt*, where the Fourth Circuit found that a 31-day delay between a warrantless seizure of a cellphone and the seeking of a warrant to search the cellphone was not reasonable where "[t]he government's only explanation . . . was that Pratt committed crimes in both North Carolina and South Carolina and agents had to decide where to seek a warrant." 915 F.3d at 272.

Further, with respect to any delay between the authorization of the May 7, 2020 search warrant to search the contents of the cellphones, the attempted extraction on May 8, 2020, and the actual extraction of iPhone on June 11, 2020, a similar situation presented in *United States v. Carrington*, 700 F. App'x 224 (4th Cir. 2017). There, the warrant authorizing the search of cell phones that had been lawfully seized expired in April 2014 but "[i]t was not until October 2014, however, that the FBI completed its forensic analysis, in part because one of [defendant's] phones—the one from which the relevant texts were obtained—was damaged and had to be sent to a special FBI unit for examination." *Carrington*, 700 F. App'x at 231. The Fourth Circuit explained that "Rule 41 of the Federal Rules of Criminal Procedure, governing search and seizure, includes a specific provision for warrants seeking electronically stored information" and that such

4

warrants "are deemed executed when the electronically stored information is seized and brought within the government's control, rather than when the information is analyzed by the government." *Id.* at 232; *see also United States v. Cleveland*, 907 F.3d 423, 431 (6th Cir. 2018) ("Execution of the warrant occurred when the cell phone was removed from its location and shipped to the analytics laboratory—an act that occurred prior to the warrant's deadline. It is not relevant for compliance with that deadline that the subsequent extraction occurred after the warrant's execution date."); *United States v. Sosa*, 379 F. Supp. 3d 217, 223 (S.D.N.Y. 2019) ("[T]he subsequent extraction of the iPhone data beyond the 14 days set forth in the warrant is entirely consistent with and specifically contemplated by Rule 41.").

For the foregoing reasons, Torico Reaves' Motion to Suppress Tangible and Derivative Evidence Seized in Telephone Search Warrants is DENIED. (ECF No. 93.)

DATED this 9 day of March, 2022

BY THE COURT:

James K. Bredar
Chief Judge